UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COACH SERVICES, INC, et al.,

                Plaintiffs,             CIVIL ACTION NO. 12-11223

                                HONORABLE MARK A. GOLDSMITH

v.

                                MAGISTRATE JUDGE MARK A. RANDON

WIRELESS STAR, INC., et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**I.    RECOMMENDATION**

For the reasons stated below, this Magistrate Judge **RECOMMENDS** that a Judgment in favor of Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively, "Coach") be entered against Wireless Star, Inc. ("Wireless Star") in the amount of Two Million Dollars ($2,000,000.00) plus costs and attorney fees.

**II.    BACKGROUND AND PROCEDURAL HISTORY**

Coach is an American leather goods company which sells *inter alia*: designer purses, handbags, wallets, shoes and jewelry. Coach filed suit against Jimmy Bynum and Wireless Star (collectively "Defendants") alleging Defendants sold counterfeit Coach merchandise (Dkt. 1). Summonses were issued for Defendants and they were served on March 26, 2012: Bynum was personally served with a summons and complaint on behalf of himself and as an officer of Wireless Star (Dkts. 7, 8). On April 30, 2012, Bynum filed a *pro se* Answer (Dkt. 10); Wireless Star did not Answer Coach's Complaint.

The Clerk entered a default against Wireless Star on September 10, 2012 (Dkt. 21); Coach moved for entry of a default judgment on September 21, 2012, pursuant to Fed. R. Civ. P. 55(b)(2).  Despite the passage of several months since the entry of default, Wireless Star has neither appeared nor responded to Coach's motion for entry of default judgment.

This matter is before the Court on Coach's Motion for Default Judgment as to Wireless Star (Dkt. 24).  Judge Mark A. Goldsmith referred the motion to this Magistrate Judge for a report and recommendation under 28 U.S.C. § 636(b)(1)(B) (Dkt. 14).

## III.   ANALYSIS

### A.   Service was Proper

This Magistrate Judge finds Coach properly served Wireless Star.  The Federal Rules of Civil Procedure permit service on a corporation "by delivering a copy of the summons and of the complaint to an officer [of the corporation]."  Fed. R. Civ. P. 4(h)(1)(B).

### B.   The Amount of Damages Requested is Reasonable

"Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the complaint, except for those relating to damages." *Microsoft Corp. v. McGee*, 490 F.Supp.2d 874 (S.D. Ohio 2007) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–111 (6th Cir.1995)). "Where the factual allegations of the complaint provide a sufficient legal basis for an entry of a default judgment, the court then conducts an inquiry to ascertain the amount of damages." *Coach, Inc. v. Cellular Planet*, 2010 WL 1853424 at *3 (S.D. Ohio May 7, 2010).

This Magistrate Judge has reviewed Coach's Complaint and Declaration (Dkts. 1, 24-3) and finds they provide a sufficient legal basis for entry of a default judgment against Wireless

Star for: trademark infringement, trade dress infringement, trademark dilution, false designation of origin and false advertising under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a) and (c)); copyright infringement under the United States Copyright Act (17 U.S.C. § 501 *et seq*.); unfair business practices under the Michigan Consumer Protection Act (Mich. Comp. Laws § 445.903); and unfair competition, copyright infringement and unjust enrichment under Michigan common law.

Coach's request for $2,000,000.00 in damages is also reasonable.  Coach's Declaration states that on February 21, 2012, during the execution of a search warrant, "seventeen counterfeit 'Coach' items were observed and seized" from Wireless Star at its location on Joseph Campau Street in Hamtramck, Michigan (Dkt. 24-3, ¶¶ 14-15).  Statutory damages for trademark infringement are available for up to $200,000.00 per counterfeit trademark infringed, regardless of willfulness, and enhanced up to $2,000,000.00 per mark if the infringement is willful. 15 U.S.C. § 1117©.  Accordingly, Coach would be entitled to receive up to $3,400,000.00 in statutory damages (17 infringing products multiplied by $200,000.00).  *See Microsoft v. McGee*, 490 F.Supp.2d 874, 882 (S.D. Ohio 2007)("statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed.").  This is less than the $2,000,000.00 in damages Coach requests.

## IV.   CONCLUSION

For the reasons stated above, this Magistrate Judge **RECOMMENDS** that Coach's motion be **GRANTED** and Judgment be entered in favor of Coach and against Wireless Star for Two Million Dollars ($2,000,000.00) plus costs and attorney fees.

The parties to this action may object to and seek review of this Report and

3

Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated:  February 11, 2013

<u>Certificate of Service</u>

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, February 11, 2013, electronically.*

s/Eddrey O. Butts
*(Substitute)*
*Case Manager to Magistrate Judge Mark A. Randon*

4